UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | | |
|---|---|---|
| RAIL SWITCHING SERVICES, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 1:13CV157 SNLJ |
| | ) | |
| PEMISCOT COUNTY PORT AUTHORITY, | ) | |
| | ) | |
| Defendant. | ) | |

## **MEMORANDUM AND ORDER**

This matter is before the Court on plaintiff's motion for relief from order.[1] The motion has been fully briefed and is ready for disposition. For the following reasons, the Court will deny the motion.

With respect to this motion, plaintiff seeks relief from, and reconsideration of, the Court's July 11, 2014 Order, wherein the Court granted the defendant's motion to dismiss and dismissed plaintiff's complaint. The facts and background of this action are set forth in that order. Plaintiff seeks relief under Federal Rules of Civil Procedure 59(e) and 60(b).

The Court has broad discretion in determining whether to grant a motion to alter or amend judgment pursuant to Rule 59(e). *Innovative Home Health Care, Inc. v. P.T.-O.T. Associates of the Black Hills*, 141 F.3d 1284, 1286 (8th Cir. 1998). Rule 59(e) "was adopted to clarify a district court's power to correct its own mistakes in the time period immediately following entry of judgment." *Id.* at 1286. "Rule 59(e) motions serve a

---

[1] The motion also includes a request for oral argument. The Court denies that request.

limited function of correcting manifest errors of law or fact or to present newly discovered evidence." *Id.* (internal quotation omitted). A manifest error is the "wholesale disregard, misapplication, or failure to recognize controlling precedent." *Oto v. Metropolitan Life Ins. Co.*, 224 F.3d 601, 606 (7th Cir. 2000); *Dille v. Renaissance Hotel Management Co, LLC*, 4:10CV1983 TIA, 2012 WL 5866630, at *1 (E.D. Mo. Nov. 19, 2012); *Ayyoubi v. Holder*, 4:10CV1881 SNLJ, 2011 WL 6140913, at *1 (E.D. Mo. Dec. 9, 2011). "Such motions cannot be used to introduce new evidence, tender new legal theories, or raise arguments which could have been offered or raised prior to entry of judgment." *United States v. Metropolitan St. Louis Sewer Dist.,* 440 F.3d 930, 933 (8th Cir.2006) (quoting *Innovative Home Health Care,* 141 F.3d at 1286).

Rule 60(b) allows a party to seek relief from a final judgment or order if the party can prove mistake, inadvertence, surprise, excusable neglect, fraud, the judgment is void, or for "any other reason justifying relief from the operation of the judgment." Fed.R.Civ.P. 60(b). Such relief, however, is an "extraordinary remedy" that is only justified by "exceptional circumstances." *Watkins v. Lundell,* 169 F.3d 540, 544 (8th Cir. 1999). Further, Rule 60(b) is "not a vehicle for simple reargument on the merits." *Broadway v. Norris*, 193 F.3d 987, 990 (8th Cir. 1999).

In support of its motion, plaintiff argues that the Court has (1) improperly denied plaintiff its choice of forum and (2) placed plaintiff in a situation where it may be left without a forum to pursue its claims if a state appellate court finds that the state court was without jurisdiction. In its Order of July 11, 2014, the Court articulated its reasoning for dismissing plaintiff's claims. Plaintiff makes the same arguments regarding its right to its

2

choice of forum that were made in their previous pleadings filed with this Court. Plaintiff's restatement of its prior arguments is not a basis for relief. Plaintiff does nothing more than tell this Court that it believes the Court made the wrong decision. Additionally, plaintiff's argument regarding the possibility that it may be left without a forum to pursue its claims is disingenuous in that it involves a motion to dismiss filed in state court by a third-party defendant that was not a party to this action. This Court finds no basis upon which to grant plaintiff relief from the Order of July 11, 2014 dismissing plaintiff's claims.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion for relief from order and request for oral argument (ECF #23) is **DENIED**.

Dated this 22nd day of December, 2014.

_____
STEPHEN N. LIMBAUGH, JR.
UNITED STATES DISTRICT JUDGE